ADMINISTRATORS OF PHILLIPS v. HUNT AND ANOTHER.

On a *sci. fa.* to revive a judgment for £200, and a plea of *nul tiel record*, a judgment on an award for £24 debt due on a bond, the penalty of which was £200, is sufficient to sustain plaintiff's issue.

This was a *scire facias* to revive a judgment, and *nul tiel record* was pleaded by the defendants.

*Stockton*, for the plaintiffs, said this was a suit under the practice act of August, 1784, and read—1st. A declaration on a bond for £200, with oyer of a condition to pay the plaintiff's intestate £7 annuity. 2d. A plea of payment and set-off by the defendants. 3d. An award made in the cause, pursuant to a rule of court, in favor of the plaintiff, for £24, with costs of suit taxed at £6 9s. 8d. He said the legal debt was the whole penalty, £200; the award was for the sum actually due at the time. (a)

(a) These proceedings were only entries made in the minutes of the court, no record being made up under what was called the practice act, now repealed.

Seely and Marselis v. Boon.

*Leake, contra,* insisted there was no such judgment for £200, as was recited in the *scire facias.* The report is for £24, which is stated to have been "read, filed, and judgment accordingly." He proceeded to argue that no costs were taxable upon this judgment, it being for a sum under £50, and cited *Vote* v. *Covenhoven, Sept. Term,* 1791; *Wilson's Laws* 265, § 5; *Allinson's Laws* 159.

[138] *Stockton,* in reply. The question about the costs is not before the court. With regard to the real matter of controversy, it is the settled principle of law that a judgment on a bond where there is anything due, is for the whole penalty.

PER CUR. Undoubtedly the judgment is properly recited in the *scire facias.* With regard to the other question raised by Mr. Leake, it is not before the court. If we have taxed costs improperly, this is not the way to revise it; our judgment is rendered, and we cannot correct the error, if there be one.